IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNNY BINDER, JERRY ESKRIDGE, | § | |
| STEPHEN JAMES, DAJUAN JONES, | § | CA No. |
| STUART SAWYER, RICKY TILLMAN, | § | |
| RANDALL RIVAS, KENDALL SALTER, | § | |
| MICHAEL ORTIZ, LUIS RAMIREZ, | § | JURY DEMANDED |
| MICHAEL TOMPKINS, CHRISTOPHER | § | |
| JONES, LARRY STEWART, ALBERT | § | |
| GALVAN, SHELL MOREHOUSE, AND | § | |
| CHAD CAKEBREAD | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | |
| PEVETOR COMPANIES, LTD d/b/a | § | |
| BRAKE CHECK, | § | |
| Defendant. | | |

## PLAINTIFFS' ORIGINAL COMPLAINT

### 1. SUMMARY

1.1. Defendant, Pevator Companies, Ltd., d/b/a Brake Check ("Defendant" or "Brake Check"), failed to pay Plaintiffs, JOHNNY BINDER, JERRY ESKRIDGE, STEPHEN JAMES, DAJUAN JONES, STUART SAWYER, RICKY TILLMAN, RANDALL RIVAS, KENDALL SALTER, MICHAEL ORTIZ, LUIS RAMIREZ, MICHAEL TOMPKINS, CHRISTOPHER JONES, LARRY STEWART, ALBERT GALVAN, SHELL MOREHOUSE, AND CHAD CAKEBREAD ("Plaintiffs"), overtime wages when they work/worked more than forty (40) hours in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq*.

1.2     Plaintiffs are current and former employees of Defendant who work/worked as a Service

Manager within the last three years.[1]

1.3     Defendant's pay practices and policies applied to each Plaintiffs.

## 2.  JURISDICTION

2.1.    This Court has federal question jurisdiction of this action under 28 U.S.C. §1331 as this

case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b).

## 3.  VENUE

3.1.    Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b)(2), because a

substantial part of the events or omissions giving rise to the claim occurred in this judicial

district.

## 4.  PARTIES

4.1.    Plaintiff Johnny Binder lives in the Southern District of Texas.  Plaintiff Binder is still a

current employee of Defendant and has worked as a Service Manager at three of

Defendant's store locations in the Houston area.  He often works (and has worked in the

past three years) over 60 hours per work week in the Service Manager position.

4.2.    Plaintiff Jerry Eskridge lives in the Southern District of Texas.  Plaintiff Eskridge worked

for Defendant as a Service Manager from 2015 until July 2019 at three (3) of Defendant's

store locations in the Houston area.  He often worked over 60 hours per work week as a

Service Manager for Defendant.

4.3.    Plaintiff Stephen James lives in the Southern District of Texas.  Plaintiff James worked

for Defendant as a Service Manager for periods of time in 2015, 2016, and 2017 at three

of Defendant's store locations in the Houston area (including Sugar Land, TX).  He

---

[1] The Plaintiffs were previously part of a collective action. That lawsuit has been decertified. Therefore, Plaintiffs are asserting their right under the FLSA to bring individual lawsuits.

worked over forty (40) hours per week, most weeks working over 60 hours per work week as a Service Manager for Defendant.

4.4.    Plaintiff Dajuan Jones lives in the Southern District of Texas.  Plaintiff Dajuan Jones worked for Defendant from 2011 to 2018 and worked in the Service Manager position for periods of time from 2015 to November 2018 at Defendant's locations in the Houston area.  Plaintiff Jones was terminated from Brake Check after joining a collective action lawsuit against Defendant in 2017 alleging FLSA violations.

4.5.    Plaintiff Stuart Sawyer lives in the Southern District of Texas.  Plaintiff Sawyer worked for Defendant as a Service Manager for periods of time in 2015.  He worked over forty (40) hours per work week and often worked over seventy (70) hours per week as a Service Manager for Defendant.

4.6.    Plaintiff Ricky Tillman lives in the Southern District of Texas.  Plaintiff Tillman worked for Defendant as a Service Manager in 2016.  He worked over forty (40) hours per week and most weeks worked over sixty (60) hours per week as a Service Manager for Defendant.

4.7.    Plaintiff Randall Rivas lives in the Southern District of Texas.  Plaintiff Rivas worked for Defendant as a Service Manager from 2014 until 2018.  He worked in Brake Check store locations in Houston, Texas and often worked over sixty (60) hours per week, sometimes even working over 70 hours in a single work week as a Service Manager.

4.8.    Plaintiff Kendall Salter lives in the Southern District of Texas.  Plaintiff Salter worked for Defendant as a Service Manager from 2015 to 2018 in multiple Brake Check locations in Houston and the surrounding areas (including Cypress and Tomball, Texas).

He worked over forty (40) hours per work week and often worked over sixty (60) hours per work week as a Service Manager for Defendant.

4.9.  Plaintiff Michael Ortiz lives in the Southern District of Texas.  Plaintiff Ortiz worked for Defendant as a Service Manager in 2018 at multiple Brake Check location in Houston and the surrounding areas (including Cypresswood and Tomball, Texas).  He worked over forty (40) hours per work week and often worked from fifty (50) to sixty-five (65) hours per work week as a Service Manager for Defendant.

4.10.  Plaintiff Luis Ramirez lives in the Southern District of Texas.  Plaintiff Ramirez worked for Defendant as a Service Manager from 2016 to 2017 in Houston, Texas.  He worked over forty (40) hours per week and often worked over 60-70 hours per work week as a Service Manager for Defendant.

4.11.  Plaintiff Michael Tompkins lives in the Southern District of Texas.  Plaintiff Tompkins worked for Defendant from 2015-2017 and worked as a Service Manager in 2017 in Houston, Texas.  He worked over forty (40) hours per week and often even worked over seventy (70) hours per work week as a Service Manager for Defendant.

4.12.  Plaintiff Christopher Jones lives in the Southern District of Texas.  Plaintiff Christopher Jones worked for Defendant from 2014-2017 and worked as a Service Manager from 2015 to 2017 in Houston, Texas.  He worked over forty (40) hours per week and often even worked 60-70 hours per work week as a Service Manager for Defendant.

4.13.  Plaintiff Larry Stewart lives in the Southern District of Texas. Plaintiff Stewart worked for Defendant from 2016-2017 and worked as a Service Manager in 2017.  He often worked over forty (40) hours per week and even at times worked over 78 hours per work week as a Service Manager for Defendant.

4.14.   Plaintiff Albert Galvan lives in Corpus Christi, Texas.  Plaintiff Galvan worked for Defendant from 2015 to 2016 and worked as a Service Manager in 2016 at two of Defendant's locations in Corpus Christi, Texas.  He worked over forty (40) hours per week and often worked 60-70 hours per work week as a Service Manager for Defendant.

4.15.   Plaintiff Shell Morehouse lives in Sinton, Texas.  Plaintiff Morehouse worked for Defendant from 2015 to 2017 and worked as a Service Manager from 2016-2017 in Corpus Christi, Texas.  He worked over forty (40) hours per week, often worked 60-70 hours per work week, and at times worked over 75 hours per work week as a Service Manager for Defendant.

4.16.   Plaintiff Chad Cakebread lives in Corpus Christi, Texas.  Plaintiff Cakebread worked for Defendant as a Service Manager in Corpus Christi, Texas.  He worked over forty (40) hours per week as a Service Manager for Defendant.

4.17.   Each Plaintiff was a Service Manager who works/worked for Defendant within the last three years and worked over forty (40) hours per work week.[2]

4.18.   Defendant Brake Check is an employer qualified to do business in Texas. Defendant Brake Check is liable to each Plaintiff as an "employer" under the FLSA to comply with the minimum and overtime wage provisions set forth herein. Defendant Brake Check can be served by, serving its Registered Agent for Service of Process, David Peveto, 320 E. Nakoma Street, San Antonio, Texas 78216-2705.

## 5.    **FLSA COVERAGE**

5.1    At all times relevant to this dispute, Defendant is an enterprise within the meaning of the FLSA. 29 U.S.C. §203(r).

---

[2] Each Plaintiff was previously an opt-in in a collective action case and their consents to join that suit were filed in 2018.  When that case was decertified, the Court tolled the Plaintiffs statute of limitations to February 25, 2020 to allow for the filing of individual lawsuits for Plaintiffs who chose to purse an individual FLSA claim.

5.2   At all times relevant to this dispute, Defendant is an enterprise that engages in commerce or in the production of goods for commerce within the meaning of the FLSA.  29 U.S.C. §203(s)(1).

5.3   At all times relevant to this dispute, Defendant had/has annual gross sales in excess of $500,000.00.

5.4   At all times relevant to this dispute, Plaintiffs were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §207.

## 6.   <u>BACKGROUND FACTS</u>

6.1   Defendant Brake Check is a chain automotive repair shop for brake service, oil changes and alignment.

6.2   Each Plaintiff worked as an employee or Service Manager for Defendant Brake Check. Each Plaintiff was wrongfully classified by Defendant as exempt from overtime compensation, however, were expected to work over forty (40) hours per work week.

6.3   Defendant is aware that Plaintiffs worked over forty hours per work week to meet Defendant's business needs.  Also, Defendant has a record of the hours worked by Plaintiffs because they were required to clock in and clock out each day into a time keeping system.  Plaintiffs would clock in and out using a computer in the shop where they worked.

6.4   Plaintiffs would input their actual time worked when they clocked in and out on Defendant's computer system.  However, on Plaintiffs' pay stub, Defendant changed the hours worked to twelve (12) hours for the entire two-week pay period at a rate of $100.00 to equal $1,200.00 paid for each two-week pay period, no matter how many hours were actually worked.  Plaintiffs worked six (6) days a week.  Plaintiffs were not paid for all

hours actually worked and did not receive overtime compensation.

6.5     Defendant dictates what hours Plaintiffs worked, provided the tools for them to do their jobs, told them what work they were required to complete and the specifications on how the work was to be completed.  On most weeks during their employment over the last three (3) years Plaintiffs worked over forty (40) hours per week.  The overtime hours Plaintiffs worked were necessary to meet the demands of the job.  On average, Plaintiffs worked approximately 30-35 hours per week of overtime.

6.6     Defendant controlled all the conditions of Plaintiffs' employment.  Defendant determined Plaintiffs' pay rate, the schedule they worked, and the policies and procedures Plaintiffs were required to follow.

6.7     Plaintiffs were supervised by and reported to the Store Director and/or the Corporate Director.

6.8     As Service Managers, Plaintiffs primary duties included but were not limited to, brake repairs, alignments, answering phones, ordering parts at the direction of the Store Director, and completing paperwork related to material ordered from vendors.  Plaintiffs' also spent a large portion of time working on and repairing cars and trucks, the same functions performed by the Brake Check technicians.

6.9     Plaintiffs did not; (1) interview or select other employees; (2) set or adjust the rates of pay and hours of work of other employees; (3) appraise other employees' productivity and efficiency for the purpose of recommending promotions or other changes in their status; (4) handle employee complaints and grievances and/or discipline employees; (5) determine the techniques, policies or procedures to be used or followed by Defendant's employees; and/or (6) determine the types of materials, supplies, machinery, or tools to

be used or merchandise to be bought, stocked, and sold.

6.10    In order to perform their job duties, Plaintiffs followed procedures that were outlined in Defendant's manuals and guidelines and/or learned during training.  It is Plaintiffs' understanding that Defendant expects its Service Managers to follow the procedures and policies provided to complete their work.

6.11    Plaintiffs routinely received instructions as to what jobs were to be completed and how by their supervisor. Plaintiffs were not allowed to make unilateral decisions about the tasks assigned or the manner in which such tasks were completed without the approval of their supervisor.

6.12    Plaintiffs did not have authority to hire or fire any of Defendant's employees and did not have authority to set pay.

6.13    As Service Managers, Plaintiffs regularly worked more than forty (40) hours per workweek.  None of the Plaintiffs had authority to (nor did they): manage an enterprise, hire or fire other employees, set the pay rates of other employees, create policies or procedures to govern Defendant's employees, handle employee grievances, determine the type of equipment or materials that Defendant could use in its operations, enter into contracts on behalf of Defendant or otherwise have operational control over Defendant's business operations and practices.  Moreover, Plaintiffs did not perform office or non-manual work directly related to the management or general business operations of Defendant or its customers, nor did they exercise discretion and independent judgment with respect to matters of significance in the conduct of Defendant's business.

6.14    Plaintiffs were subject to a single policy and pay plan that they were paid the same amount no matter how many hours they worked.  Defendant had a plan/policy in place

which applied to Plaintiffs where they were misclassified as exempt and thus were not compensated for any hours worked over 40 hours per week.

6.15    Plaintiffs were at all times "non-exempt" employees and eligible to receive overtime pay pursuant to Section 207 of the FLSA.

6.16    Defendant improperly classified Plaintiffs as exempt from receiving overtime compensation.  Defendant was aware that Plaintiffs were working over forty (40) hours per work week because Plaintiffs recorded the actual hours worked in Defendant's time keep system, clocking in and out each day worked.

6.17    Plaintiffs worked over forty hours per work week and Defendant failed to pay Plaintiffs overtime compensation. Plaintiffs were paid the same amount no matter how many hours they worked for Defendant.

## 7.      CAUSE OF ACTION

7.1     Plaintiffs incorporate the allegations in the preceding paragraph as if fully set forth herein.

7.2     Plaintiffs bring this suit pursuant to 29 U.S.C. §216(b) as persons employed by Defendant as Service Managers within three (3) years from the filing of this suit who (1) have not been compensated for all hours worked and/or (2) have not been compensated at one and a half times their regular rate of pay for all hours worked in excess of forty (40) hours in a single work week.

7.3     Defendant misclassified Plaintiffs as exempt from receiving overtime compensation, failed to pay them wages for all hours worked and failed to pay them overtime wages required by the FLSA for all hours worked over forty (40) hours per work week.

7.4     Defendant's failure to pay overtime wages to Plaintiffs in accordance with the FLSA was willful as that term is defined by Section 255(a) and was not based on a good faith belief that its conduct complied with the FLSA.   Therefore, the three (3) years statute of limitations period applies to Plaintiffs' damages in this case.

7.5     Plaintiffs are entitled to wages for all hours worked, overtime wages for all hours worked in excess of forty (40) in a workweek, an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action.  29 U.S.C. §216(b).

## 8.     JURY DEMAND

8.1     Plaintiffs hereby demands a trial by jury.

## 9.     <u>PRAYER</u>

9.1     Plaintiffs respectfully request that judgment be entered against Defendant, awarding each Plaintiff:

9.1.1     Unpaid wages for all hours work during the period specified herein.

9.1.2     Overtime compensation for all hours worked in excess of forty (40) hours per work week at the rate of one and a half times his regular rate of pay;

9.1.3     An equal amount of liquidated damages;

9.1.4     Order Defendant to pay reasonable costs and attorney's fees in this action; and,

9.1.5     Order and grant such other relief as is proper and just.

Respectfully Submitted,

*/s/ Gregg M. Rosenberg*
Gregg M. Rosenberg
USDC SD/TX No. 7325
Texas State Bar ID 17268750
gregg@rosenberglaw.com
Tracey D. Lewis
USDC SD/TX No. 212007
Texas State Bar ID 24090230
tracey@rosenberglaw.com
ROSENBERG & SPROVACH
3518 Travis Street, Suite 200
Houston, Texas 77002
(713) 960-8300
(713) 621-6670 (Facsimile)
Attorney-in-Charge for Plaintiff

OF COUNSEL:
ROSENBERG & SPROVACH                    ATTORNEYS FOR PLAINTIFFS